IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CORLA JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 09-00114-WS-N |
| | ) | |
| FARMERS INSURANCE GROUP/FIRE | ) | |
| INSURANCE EXCHANGE, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

Plaintiff, Corla Joackson, who is proceeding *pro se* and in *forma pauperis*, filed a complaint against Farmers Insurance Group/Fire Insurance Exchange asserting claims associated with Huricanes Ivan and Katrina. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.2(c)(1).[1] It is recommended that this action be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as frivolous.

I.   Background

On March 5, 2009, Plaintiff Corla Jackson filed a complaint against her insurance company, Farmers Insurance Group/Fire Insurance Exchange ("Farmers"), asserting claims arising from defendant's alleged failure to pay benefits in full for damages sustained from Hurricanes Ivan and Katrina. Complaint (Doc. 1) at ¶¶ 1- 42. Plaintiff's

---

[1]Local Rule 72.2(c)(1) provides for the automatic referral of non-dispositive pretrial matters, such as Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 6), to the Magistrate Judge for hearing and determination.

specific claims are set forth as: Civil Conspiracy (*Id*. at ¶ 43); Deceptive Trade Practices (*Id*. at ¶ 44 - 53); Common Law Fraud (*Id*. at ¶ 54 - 56); Fraud in Insurance and Real Estate Mortgage Clause Transaction  (*Id*. at ¶ 57 - 58); Negligence (*Id*. at ¶ 59 - 60); Negligent Misrepresentation (*Id*. at ¶ 61 - 62); Breach of Contract (*Id*. at ¶ 63); Bad Faith (*Id*. at ¶ 64); Eminent Domain (*Id*. at ¶ 65); Agency (*Id*. at ¶ 66 - 67); Respondeat Superior (*Id*. at ¶ 68 - 69); Economic and Actual Damages (*Id*. at ¶ 70 - 75); Other Damages (*Id*. at ¶ 76); Damages for Mental Anguish (*Id*. at ¶ 77 - 78); Multiple Damages (*Id*. at ¶ 79 - 81); Exemplary Damages (*Id*. at ¶ 82); and Attorney's Fees (*Id*. at ¶ 83).  At the conclusion of her complaint, in a section identified as "Prayer," plaintiff made reference to her "ORIGINAL COMPLAINT FILED SEPTEMBER 16, 2005, against the defendants" and "an Automatic Default against the defendants" which she alleged was never "heard."  *Id.* at p. 34.

Because of plaintiff's reference to another lawsuit, the Court entered an Order on June 25, 2009, seeking additional information necessary to determine if the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).  *See* Doc. 9.  On August 25, 2009, plaintiff filed her response to this order.  *See* Doc. 12.   Plaintiff's response did not include any narrative but consisted merely of the submission of a number of documents. One of these documents is a receipt issued on September 16, 2005 by the Circuit Court of Mobile County, Alabama to the plaintiff for her cash payment of the filing fee for her lawsuit against Farmers Insurance Group.  Doc. 12-2 at p. 2.   The next document is her complaint in <u>Corla Jackson v. Farmers Insurance Group</u>, Case No CV-2005-3474-CAG.

Doc. 12-2 at pp. 3-6.

Another of these documents is a copy of a letter to the plaintiff dated September 13, 2007, from John Ronald Spencer, an attorney who therein declines "to pursue this matter on [Ms. Jackson's] behalf." Doc. 12-2 at p. 9. Mr. Spencer's letter confirms that plaintiff's claims against Farmers Insurance Group in Case No CV-2005-3474-CAG "were dismissed by the trial court by summary judgment . . . on July 17, 2007." *Id.* at p. 8. Mr. Spencer advised plaintiff that "[a]t this point, the only remedy left to you is to file an appeal with either the Alabama Court of Civil Appeals or the Supreme Court of Alabama." *Id.* at p. 9.

The next document submitted by the plaintiff is the "BRIEF OF APPELLEE, FIRE INSURANCE EXCHANGE" for the appeal taken by Ms. Jackson to the Alabama Court of Civil Appeals from the decision entered by the Circuit Court of Mobile County in CV-2005-3274-CAG. Doc. 12-2 at pp. 10-51. This document is followed by the Certificate of Judgment entered by the Alabama Court of Civil Appeals on May 9, 2008 affirming the judgment of the Circuit Court of Mobile County. *Id.* at p. 52. The next document filed by the plaintiff in this case is her petition for writ of certiorari to the Alabama Supreme Court filed on May 22, 2008 (Doc. 12-2 at pp. 53-60) which was denied on November 14, 2008 (*Id.* at p. 61).

As stated previously, Corla Jackson filed her complaint in this case on March 5, 2009. The facts upon which she relies in this case are the same facts asserted in her previous lawsuit, CV-2005-3274-CAG, in the Circuit Court of Mobile County.

II.     Discussion.

    A.     Standard of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because the plaintiff is proceeding without prepayment of fees, the Court is reviewing plaintiff's complaint under § 1915(e)(2)(B).[2] Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002)(affirming the application of 28 U.S.C. 1915(e)(2)(B) to a non-prisoner's complaint). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, the claim seeks to enforce a right which clearly does not exist, or there is an affirmative defense such as statute of limitations that would defeat the claim. *See e.g.*, Neitzke, 490 U.S. at 327; Clark v. Georgia Pardons & Paroles Bd., 915 F.2d 636, 640 n. 2 (11th Cir. 1990).

Judges are accorded "not only the authority to dismiss [as frivolous] a claim based on indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327.

Prior to Bell Atlantic v. Twombly, 550 U.S. 544 (2007), a court could only dismiss

---

[2]The predecessor to this section is 28 U.S.C. § 1915(d). Even though Congress made many substantive changes to § 1915(d) when it enacted 28 U.S.C. § 1915(b)(2)(B), the frivolity and the failure to state a claim analysis contained in Neitzke v. Williams, 490 U.S. 319 (1989), was unaltered. Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.), *cert. denied,* 534 U.S. 1044 (2001); Brown v. Bargery, 207 F.3d 863, 866 n.4 (6th Cir. 2000). However, dismissal under § 1915(e)(2)(B) is now mandatory. Bilal, 251 F.3d at 1348-49.

a complaint "if it is was clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," language set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  This language as it relates to the Rule 12(b)(6) standard was expressly rejected in Twombly wherein the Supreme Court set forth the following standard regarding a court's determination of the sufficiency of pleading such as is in issue in this case:

> Federal Rule of Civil Procedure 8(a)(2) requires only " a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [citation omitted] a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do [citation omitted]. Factual allegations must be enough to raise a right to relief above the speculative level.

550 U.S. at 555.  The Supreme Court emphasized, however, that "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."  550 U.S. at 570.  The Supreme Court recently reinforced the Twombly standard in Ashcroft v. Iqbal, – U.S. – , 129 S.Ct. 1937, 1949-50 (2009).  The Court reiterated that a claim is insufficiently pled if it offers only "'labels and conclusions'" or "'a formulaic recitation of the elements of a cause of action'."  Iqbal, 129 S.Ct. at 1949, *quoting* Twombly, 550 U.S. at 557.  *See also*, Phillips v. County of Allegheny, 515 F.3d 224, 233 (3rd Cir. 2008)("After Twombly, it is no longer sufficient to allege mere elements of a cause of action; instead 'a complaint must allege facts

5

suggestive of [the proscribed] conduct'."), *quoting* Twombly, 550 U.S. at 553, n. 8.  *See also*, Sinaltrainal v. Coca-Cola Co., 2009 WL 2431463 (11th Cir. Aug. 11, 2009)("The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss [*citing* Iqbal, 129 S.Ct. at 1949] [and] [t]he well-pled allegations must nudge the claim 'across the line from conceivable to plausible'" [*quoting* Twombly, 550 U.S. at 570]").

It is also important to note that "[a] complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits."  McTernan v. City of York, Pennsylvania, 564 F.3d 636, 646 (3rd Cir. 2009), *quoting*, Phillips, 515 F.3d at 231, in turn *quoting*, Twombly, 550 U.S. at 553, n. 8.  The Supreme Court's Twombly formulation of the pleading standard "'does not impose a probability requirement at the pleading stage,'" but instead "'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence' of the necessary element." *Id.*, *quoting* Phillips, 515 F.3d at 234, in turn *quoting*, Twombly, 550 U.S. at 556.  *See also*, Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)(noting that the language of § 1915(e)(2)(B)(ii) tracks the language of Fed.R.Civ.P. 12(b)(6)).

    B.    Rooker-Feldman Doctrine

As applied to this case, there is no subject matter jurisdiction by virtue of the *Rooker-Feldman* doctrine.  Specifically, a federal district court lacks jurisdiction to review claims that were previously ruled upon by a state court.  District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co.,

6

263 U.S. 413, 415-16 (1923); Dale v. Moore, 121 F.3d 624, 626 (11th Cir. 1997); Rolleston v. Eldridge, 848 F.2d 163, 165 (11th Cir. 1988); Hollins v. Wessel, 819 F.2d 1073, 1074 (11th Cir. 1987). This rule of law is known as the *Rooker-Feldman* doctrine and "is confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments.". Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283 (2005).

A determination of the applicability of *Rooker-Feldman* is made by looking at four criteria which must be met in order to divest the federal court of jurisdiction under this doctrine. See Amos v. Glynn County Bd. of Tax Assessors, 347 F.3d 1249 (11th Cir. 2003).

> The *Rooker-Feldman* doctrine bars lower federal court jurisdiction where four criteria are met: (1) the party in federal court is the same as the party in state court, see Roe v. Alabama, 43 F.3d 574, 580 (11th Cir. 1995); (2) the prior state court ruling was a final or conclusive judgment on the merits, see David Vincent, Inc. v. Broward County, 200 F.3d 1325, 1332 (11th Cir. 2000); (3) the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the state court proceeding, see Dale v. Moore, 121 F.3d 624, 626 (11th Cir. 1997) (per curiam); and (4) the issue before the federal court was either adjudicated by the state court or was inextricably intertwined with the state court's judgment, see Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1332 (11th Cir. 2001).

347 F.3d at 1266, n.1.

The magnitude of the *Rooker-Feldman* doctrine has also been explained as follows:

> According to the *Rooker-Feldman* doctrine, "a United States District Court has no authority to review final judgments of a state court in judicial proceedings. Review of such judgments may be had only in [the United

> States Supreme Court]." District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482, 103 S.Ct. 1303, 1315, 75 L.Ed.2d 206 (1983). . . . The doctrine applies not only to claims actually raised in the state court, but also to claims that were not raised in the state court but are "inextricably intertwined" with the state court's judgment. Feldman, 460 at 482 n.16, 103 S.Ct. at 1315 n.16. This Court has recognized an "important limitation" on the *Rooker-Feldman* doctrine when the plaintiff had no "reasonable opportunity to raise his federal claim in state proceedings." Wood v. Orange County, 715 F.2d 1543, 1547 (11th Cir. 1983), *cert. denied*, 467 U.S. 1210, 104 S.Ct. 2398, 81 L.Ed.2d 355 (1984). In that situation, we consider that the federal claim was not "inextricably intertwined" with the state court's judgment. *Id.*
>
> . . .
>
> Even if the federal court collateral attack on the state court judgment is premised on the unconstitutionality of a federal statute, the *Rooker-Feldman* doctrine still applies. It still applies for reasons that go to the heart of our system of federalism—the dual dignity of state and federal court decisions interpreting federal law. "In our federal system, a state trial court's interpretation of federal law is no less authoritative than that of the federal court of appeals in whose circuit the trial court is located." Lockhart v. Fretwell, 506 U.S. 364, 376, 113 S.Ct. 838, 846, 122 L.Ed.2d 180 (1993) (Thomas, J. concurring). Moreover, the doctrine is not limited to states appellate court judgments. A litigant may not escape application of the doctrine by merely electing not to appeal an adverse state trial court judgment.

Powell v. Powell, 80 F.3d 464, 466-67 (11th Cir. 1996). *See also*, Torchia v. State of Fla. Office of Financial Regulation, 168 Fed.Appx.922 (11th Cir. 2006)("This Circuit has applied the *Rooker-Feldman* doctrine to hold that district courts have no subject matter jurisdiction to review claims not raised in state court, but 'inextricably intertwined' with a state court judgment."), *citing*, Powell, 80 F.3d at 466. As was true in Torchia, any judgment entered by this Court with respect to the allegations that Farmers Insurance Group/Fire Insurance Exchange failed to pay benefits in full for damages sustained from Hurricanes Ivan and Katrina would "necessarily nullify the state court judgment [entered

against the plaintiff and in favor of the Farmers Insurance Group on July 17, 2007 and affirmed by the Alabama Court of Civil Appeals on May 9, 2008, cert denied by the Alabama Supreme Court on November 14, 2008]." 168 Fed. Appx. at 922.

In the present action, plaintiff seeks an unspecified amount of actual, multiple and exemplary damages for the defendant's alleged failure to pay in full for her hurricane damages. Plaintiff has filed documents which clearly establish that the relief she seeks in this Court was the subject of a lawsuit filed in the Circuit Court of Mobile County, Alabama. *See* Doc. 12. The state court entered summary judgment in favor of the Farmers Insurance Group/Farmers Insurance Exchange and against Corla Jackson on these very claims. *Id*. The Court finds that the four criteria, as set out in Amos, have been met. Consequently, this Court cannot review the state court's judgment in this matter because it lacks subject matter jurisdiction over plaintiff's complaint under the *Rooker-Feldman* doctrine. Torchia, 168 Fed. Appx. at 922. Accordingly, this present action is frivolous as a matter of law.

IV.     Conclusion.

For the reasons stated above, it is recommended that this action be dismissed with prejudice pursuant to § 1915(e)(2)(B)(i) as frivolous. If plaintiff elects to file an objection to this Report and Recommendation, she should draft an objection that specifically addresses the jurisdictional principles discussed herein and sets forth her challenges to the factual findings and/or legal conclusions of the undersigned.

**Done** this 15th day of September, 2009.

/s/ Katherine P. Nelson
KATHERINE P. NELSON
UNITED STATES MAGISTRATE JUDGE

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL
RIGHTS AND RESPONSIBILITIES FOLLOWING
RECOMMENDATION
<u>AND FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>

1.	**Objection**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. <u>Failure to do so will bar a de novo</u> determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. <u>See 28 U.S.C. § 636(b)(1)©; Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc)</u>. The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recomm<u>endation should be reviewed de novo</u> and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

> A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.	**Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

	**Done** this 15th day of September, 2009.

					/s/ Katherine P. Nelson	
					UNITED STATES MAGISTRATE JUDGE